FILED

2010 Nov-15  PM 04:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **TONY R. SEARCY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:09-CV-2174-VEH** |
| | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss (doc. 11) filed by the Defendant, Michael J. Astrue, Commissioner of Social Security, on June 30, 2010.  For the reasons set forth below, the motion is due to be **GRANTED.**

## FACTS AND PROCEDURAL HISTORY

"On September 17, 2009, Petitioner attempted to obtain a Social Security Card from the United States Social Security Office [located at] 168 Enterprise Road, Gadsden, Alabama."  (Pl.'s Am. Verified Pet. For Writ of Mandamus to Compel and/or Pet. for Decl. of Identity and Entitlement, doc. 8, ¶ 4., filed Apr. 13, 2010). The Petitioner, Tony R. Searcy (hereinafter "Mr. Searcy"), presented his birth certificate to prove his identity, but he was denied his social security card because he

did not present a picture identification.  Mr. Searcy explained to the social security office personnel that he did not have a picture identification.  On May 8, 2009, Mr. Searcy allowed himself to be fingerprinted in order to prove his identification.

Mr. Searcy filed his complaint in this court on October 26, 2009.  On February 25, 2010, the court entered a Show Cause Order (doc. 3), referenced above, requiring Mr. Searcy to show good cause why the case should not be dismissed for failure to timely execute service.  After Mr. Searcy failed to respond to the Show Cause Order, the court dismissed the case without prejudice (doc. 4) on March 10, 2010.  That same day, Mr. Searcy attempted to obtain his social security card from the social security office in Gadsden.  During this visit, he presented his birth certificate and this court's February 25, 2010, Show Cause Order.  He again was denied.

The following day, Mr. Searcy filed a response to the Show Cause Order (doc. 5).  On March 19, 2010, Mr. Searcy filed a Motion for Relief from Judgment (doc. 6).  The court vacated the Final Dismissal Order by order (doc. 7) filed on April 2, 2010.  In that order, the court also required Mr. Searcy to file an amended complaint.  Mr. Searcy filed his amended complaint (doc. 8) on April 13, 2010.  In his amended complaint, Mr. Searcy requests that this court issue a Writ of Mandamus to the Social Security Office in Gadsden, Alabama, to compel that office to provide him a social security card.  Mr. Searcy also requests that the court declare his identity and his

2

entitlement to his social security card.  Mr. Searcy complains that without his social security card or a picture identification, he cannot obtain employment.  He further claims that without a social security card, he cannot obtain a picture identification.

On June 30, 2010, the Defendant filed a motion to dismiss (doc. 11).  In the motion, the Defendant contends that the court should dismiss Mr. Searcy's complaint for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6).  The Defendant also contends that the court should dismiss the Mr. Searcy's Complaint pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction.  The Mr. Searcy filed a response[1] on July 7, 2010.  The Defendant filed a Reply on July 20, 2010.

## STANDARD OF REVIEW

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001), *citing Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam).  "This requirement prevents a court without jurisdiction from prematurely dismissing

---

[1] Mr. Searcy's response is entitled "Motion for Leave to Reply and Interim Reply to Motion to Dismiss."  (Doc. 13).  Though entitled a motion, the pleading sets forth Mr. Searcy's argument and authority in support of Mr. Searcy's response to the motion to dismiss.  Therefore, the court construes it as a response and has considered it in its analysis of the Motion to Dismiss. Because Mr. Searcy's response is docketed as a motion, the court will deny it as moot.

a case with prejudice." *Ramming*, 281 F.3d at 161, *citing Hitt*, 561 F.2d at 608. "The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming*, at 161, *citing Hitt*, at 608.

Under FED. R. CIV. P. 12(b)(1), "[a] party may make either a facial or factual challenge to a court's subject matter jurisdiction." *U. S. ex rel. McElmurray v. Consol. Gov't of Augusta-Richmond County*, 464 F. Supp. 2d 1327, 1341 (N.D. Ga. 2006), *citing Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir.1990) (per curiam). "A facial attack on subject matter jurisdiction 'requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true.'" *McElmurray*, 464 F. Supp. 2d at 1341, *quoting McMaster v. United States*, 177 F.3d 936, 940 (11th Cir.1999), *quoting Lawrence*, 919 F.2d at 1529.

## DISCUSSION

In *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000), a case premised on diversity jurisdiction, the Eleventh Circuit stated as follows:

> Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases. While Article III of the Constitution sets the outer boundaries of that power, it

4

also vests Congress with the discretion to determine whether, and to what extent, that power may be exercised by lower federal courts. Consequently, lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.

*Morrison*, 228 F.3d at 1260–61 (citations omitted).  "[A] federal court must inquire *sua sponte* into the issue whenever it appears that jurisdiction may be lacking." *Morrison*, at 1261.  "If jurisdiction is based on [a federal question], the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994), *citing* FED. R. CIV. P. 8(a).  "Federal question jurisdiction exists when an action arises under the Constitution, laws, or treaties of the United States." *Taylor*, 30 F.3d at 1367.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3); *see also Morrison*, 228 F.3d at 1261.

The Defendant contends that the court lacks subject matter jurisdiction over Mr. Searcy's claim because the Mr. Searcy's complaint "did not arise from any action that resulted in a final decision after a hearing or could have resulted in such a final decision," as required by 42 U.S.C. sections 405(g) and (h).  (Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss, doc. 12, p. 13, June 30, 2010.)  The Defendant therefore

contends that the complaint must be dismissed.

"The district court's jurisdiction is limited by the Social Security Act, and judicial review exists only over the 'final decision of the Commissioner of Social Security.'" *Cash v. Barnhart*, 327 F.3d 1252,  (11th Cir. 2003), *citing* 42 U.S.C. § 405(g) (2002).  Section 405(g) provides in pertinent part as follows:

> Any individual, *after any final decision of the Commissioner of Social Security* made after a hearing to which he was a party, irrespective of the amount in controversy, *may obtain a review of such decision by a civil action* commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g) (emphasis added).  In addition, section 405(h) provides in pertinent part as follows:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

6

"The Supreme Court has held that 42 U.S.C. § 405(h) provides that 42 U.S.C. § 405(g), to the exclusion of the federal jurisdiction statute, is the sole avenue for judicial review of claims arising under the Act." *Wimberly v. Astrue*, No. 5:09-CV-3 (CWH), 2009 WL 4730310 at *2 (M.D. Ga. Dec. 2, 2009), *citing Heckler v. Ringer*, 466 U.S. 602, 614-15, 627, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 327, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). "Further, under the doctrine of sovereign immunity, all requirements for judicial review as set forth in the statute must be satisfied." *Wimberly*, 2009 WL 4730310 at *2, *citing United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). "Accordingly, 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review of cases arising under the Act." *Wimberly*, at *2.

The term "final decision" is not defined in the Social Security Act, but the Commissioner is given the authority to define the term in the regulations. *Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S. Ct. 2457, 2467, (1975), *citing* 42 U.S.C. § 405(a). The applicable regulation states that the Social Security Administration will have made its final decision "[w]hen you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section." 20 C.F.R. § 404.900(a)(5). The regulation further provides that "[i]f you are dissatisfied with our final decision, you may request judicial review by filing an

action in a Federal district court." 20 C.F.R. § 404.900(a)(5).  The four steps of the

administrative review process are as follows:

> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.

> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.

> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

20 C.F.R. § 404.900(a).

Clearly, Mr. Searcy has not sought or received a final decision from the

Commissioner of the Social Security Administration.  He therefore may not seek

review in this court.  Accordingly, this court lacks subject matter jurisdiction.  The

Defendant's motion to dismiss is therefore **GRANTED.**

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss is hereby

**GRANTED** and the Petitioner's complaint is hereby **DISMISSED** for lack of subject

matter jurisdiction.  The Petitioner's motion (doc. 13) is hereby **DENIED** as moot.

A separate order will be entered.

**DONE** and **ORDERED** this the 15th day of November, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge